# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN CAVE LEIGHTON PAISNER LLP,** <br> 1155 F Street, NW, Suite 500 <br> Washington, DC 20004 <br><br> Petitioner, <br><br> v. <br><br> **THE GABONESE REPUBLIC,** <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No. 1:19-cv-1577** <br> ) <br> ) <br> ) <br> ) |

## PETITION TO CONFIRM ARBITRATION AWARD

### NATURE OF THE CASE

1. Petitioner Bryan Cave Leighton Paisner LLP ("Petitioner" or "BCLP") seeks entry of a judgment order confirming an arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. On April 3, 2019, the Attorney Client Arbitration Board of the District of Columbia Bar (the "ACAB") issued an arbitration award (the "Decision & Award") in which it awarded Petitioner $1,250,017.94 against Respondent The Gabonese Republic ("TGR"). A copy of the Decision & Award is attached as Exhibit 1 and is incorporated by reference in this Petition. As demonstrated herein, there is no just reason for denying confirmation, recognition and enforcement of the Decision & Award.

### PARTIES

2. Petitioner BCLP is a partnership organized and existing under the laws of the State of Missouri with an office at 1155 F Street, NW, Suite 500, Washington, DC 20004. BCLP is a global law firm. Prior to April 1, 2018, BCLP was known as Bryan Cave LLP.

3.  Respondent TGR is a foreign state.

## JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330 and pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, because it is an action against a foreign state to confirm an arbitral award. The Rules of the ACAB, to which Respondent contractually agreed to adhere, provide, in Rule 23 thereof, for enforcement of its awards in "any …court having jurisdiction."

5.  This Court will have personal jurisdiction over TGR pursuant to 28 U.S.C. § 1330(b) once BCLP completes service on TGR pursuant to the methods permitted in 28 U.S.C. § 1608(a) for service of process upon a foreign state.

6.  Venue is proper in this District under 28 U.S.C. § 1391 (f) (1) because a substantial part of the events giving rise to the claim occurred in this District and under § 1391(f) (4) because TGR is a foreign state.

## THE ENGAGEMENT AND FEE AGREEMENT

7.  TGR entered into a contract (the "Engagement Letter") with BCLP on January 29, 2016, in which it engaged the law firm to perform services and agreed to pay a fixed fee of $1,380,000, plus expenses. A copy of the Engagement Letter is attached hereto as Exhibit 2. (The signed Engagement Letter was written in French, the official language of TGR; an English translation thereof is part of the Exhibit.)

8.  The Engagement Letter included an agreement that "any dispute … concerning fees and other charges" would be "settled by arbitration" to be heard by the ACAB.  Exhibit 2 at p. 4.

9.  The Engagement Letter also stated that TGR "expressly hereby waives any

sovereign immunity, before any arbitration courts or tribunals, … for itself and all its assets, which might frustrate the conduct of any arbitral proceedings or the execution of an award rendered by an arbitration tribunal constituted in accordance with this [Engagement Letter]." Ex. 2 at p. 5.

10. As of March 13, 2018, the sum of $1,261,153.49 in fees and expenses was unpaid and owed by TGR to BCLP for services rendered under the Engagement Letter. Despite demand for payment, this sum remained unpaid.

## THE ARBITRATION

11. On July 31, 2018, BCLP submitted a Request for Arbitration to the ACAB and requested an award in the amount of the unpaid fees and expenses then owed.

12. Thereafter, the ACAB accepted the Request for Arbitration and, on January 30, 2019, notified the parties that it had appointed a panel of three arbitrators to hear and decide the dispute. The Request was docketed by ACAB as its case #2018-19/003. The panel selected the date of April 3, 2019 for a hearing on the claim.

13  Under the Rules of the ACAB, each party, BCLP and TGR, was afforded the right to submit documents, written argument, and witness lists prior to a hearing, as well as to present the documents and witnesses at the hearing. In the case of TGR, an extension of time for those submissions was granted by the panel at the request of TGR's counsel, and its submission of argument was filed before the hearing.

14. The panel of three arbitrators appointed by the ACAB conducted a hearing on April 3, 2019, at which time BCLP presented its case through documents and witnesses. TGR appeared at the hearing through two lawyers who requested permission to participate from France and from Gabon by telephone and who cross-examined the BCLP witnesses and argued TGR's defenses.

## THE DECISION AND AWARD

15. The panel of the ACAB made its decision on April 3, 2018, in a written statement provided to the parties on April 16, 2019. The statement, entitled Decision & Award, determined that the proper amount of the fees and expenses due to Petitioner is $1,250,017.94, which was less than the amount originally claimed by BCLP. Exhibit 1.

16. The Decision and Award stated that compliance was to be "completed by May 3, 2019." TGR ignored the terms and has not paid any amount of the fees and expenses owed to BCLP under the Decision and Award.

## CLAIM FOR RELIEF

17. The Decision and Award is enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and Petitioner BCLP is entitled to a judgment of this court in the amount designated therein.

18. Because the amount owed to BCLP is a liquidated sum and debt following the April 3, 2019, Decision and Award, TGR is liable for interest on the principal sum of $1,250,017.94 from that date until paid, pursuant to D.C. Code § 15-109.  The rate of interest, under D.C. Code § 28-3302(a), is 6%.

19. This Petition is filed within one year of the date of the Decision and Award and is, therefore, timely under 9 U.S.C. § 9.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner Bryan Cave Leighton Paisner LLP respectfully requests that this Court enter an order of judgment against The Gabonese Republic confirming the Decision and Award of the ACAB made on April 3, 2019, and for the amount specified therein,

$1,250,017.94, plus interest at the rate of 6% from and after April 3, 2019, until paid, together with the costs of this action, and awarding such other and further relief as this Court may deem just and proper.

Dated: May 29, 2019                     Respectfully submitted,

By: /s/  Rodney F. Page
Rodney F. Page (D.C. Bar No. 37994)
rfpage@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW, Suite 500
Washington, DC  20004
Phone  (202) 508-6000 Fax (202) 508-6200
*Counsel for Petitioner*